# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is voluntarily and knowingly entered into between Guillermo Benitez ("Benitez"), Kramerbooks & Afterwords, Inc. ("Kramerbooks") and Henry Posner ("Posner").

## RECITATIONS

A.     On or about May 7, 2014, Benitez, who was previously employed by Kramerbooks, filed a civil action against Kramerbooks and Posner, the owner of Kramerbooks, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act, D.C. Code § 32-1001, *et seq.* ("Minimum Wage Act") and negligent misrepresentation.[1]  Kramerbooks and Posner were served with the Complaint on May 21, 2014.

B.     On June 10, 2014, Kramerbooks and Posner filed a Consent Motion to Extend Time to respond to the Complaint requesting to extend the deadline to respond to the Complaint to July 11, 2014, which the Court granted.

C.     Since this time, the parties have been engaged in settlement discussions.  As a result of these discussions, the parties have reached an agreement in principle to settle all claims, the terms of which are embodied in this Agreement.  The parties wish to dismiss all claims made in this action in exchange for a mutual release and to avoid the cost and expense of further litigation.

---

[1] Collectively, these claims are referred to hereinafter as the "FLSA Litigation."

## AGREEMENT

In consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.     Benitez agrees that the Court should enter an Order dismissing the FLSA Lawsuit, with prejudice.  In accordance with Section 216(b) of the FLSA, the parties will submit this Agreement to the Court for approval.

2.     The parties have voluntarily and knowingly entered into this Agreement after negotiation between the parties.  This Agreement does not constitute an admission by Kramerbooks or Posner of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or of any other possible or claimed violation of law or rights, and is being entered into by Kramerbooks and Posner solely to avoid further costs and expense of litigation.

3.     Benitez specifically acknowledges that he is withdrawing his claims that he was entitled to overtime compensation for any work performed in excess of 40 hours in a given workweek.  This settlement is of disputed claims by Benitez that Kramerbooks and Posner failed to properly compensate him for certain overtime work and for Benitez's other claims, including but not limited to, negligent misrepresentation.

4.     Benitez further acknowledges that the amounts being paid are excess of the amounts that Kramerbooks and Posner contend are owed, and include additional consideration for the general release set forth below.

5.     The total amount to be paid by Kramerbooks in settlement of this matter is Redacted, inclusive of attorney's fees and costs.  Payment shall be made as follows: (a) to

Benitez, a payment of <sup>Redacted</sup> less required withholdings, deductions and contributions;  (b) to

Benitez,  a payment of <sup>Redacted</sup> for liquidated damages, with a 1099 misc. to issue to Benitez for

this payment and (c) to Lebau & Neuworth, LLC, a payment of<sup>Redacted</sup>for attorney fees and

costs with a 1099 misc. to issue to Lebau & Neuworth, LLC, for this payment.  Both Benitez and

Lebau & Neuworth, LLC shall be responsible for providing Kramerbooks executed W-9s.  The

settlement payments shall be made within seven days of the Court's approval of the settlement in

this matter.  Kramerbooks and Posner make no representation or warranty as to the taxability of

the payments made to Benitez.  Benitez agrees to be solely responsible for payment of all income

taxes, FICA, or other types of taxes or assessments, and will defend, indemnify and hold

Kramerbooks harmless should any claim or assessment be raised or asserted by any

governmental or taxing agency for any payment that may be due or levied on this payment,

including, but not limited to, any and all taxes, interest, legal fees and/or penalties incurred in

connection therewith, and Benitez will be solely liable for all such taxes, penalties, interest,

payments, assessments, fines, and/or legal fees.

   6.  In exchange for the consideration set forth in this Agreement, Benitez, on behalf

of himself, his heirs, executors, administrators, attorneys, beneficiaries, and assigns, releases and

discharges from liability, and covenants not to sue Kramerbooks, Posner and any of their present

or former subsidiaries, and affiliates; their respective predecessors and successors in interest or

otherwise; their respective present and former directors, officers, partners, shareholders,

employees, owners, trustees, agents, insurers, attorneys, and representatives; and their respective

heirs, administrators, executors, successors, and assigns of any of the foregoing and any other

person, firm, or corporation for which any of the foregoing may be legally responsible or which

may be legally responsible for any of them (collectively the "Released Parties"), for any and all

claims, actions and causes of action, together with any contracts, agreements and promises, in

law or in equity, which Benitez has or may have, including but not limited to, any and all

possible claims and causes of action related to, connected with or arising out of Benitez'

employment with Kramerbooks and/or termination of his employment; any and all claims

relating to any contract, agreement, wage plan, bonus plan, or the violation of any policy of

Kramerbooks; any and all claims of discrimination or retaliation on account of sex, race, color,

age, disability, military, or veteran status; national origin, marital status, sexual orientation or

preference, political affiliation, religion, retaliation, sexual, or other harassment; or on account of

protected status or participation in protected activity; any and all claims or causes of action based

upon any equal employment opportunity laws, ordinances, regulations or orders, including, but

not limited to, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of

1991, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, as amended, the Americans

with Disabilities Act, Executive Order 11246, the Rehabilitation Act of 1973, the Uniformed

Services Employment and Re-employment Act, the Employee Retirement Income Security Act,

COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, The Equal Pay Act,

or any applicable state, county or local anti-discrimination or labor protective statutes or

ordinances; any and all claims for wrongful termination or retaliation or violation of public

policy, breach of contract or agreement, express or implied covenant of good faith and fair

dealing, intentional or negligent infliction of emotional distress, sexual harassment, assault,

battery, or claims for fraud, misrepresentation, defamation, libel, slander or invasion of privacy;

any and all claims for salary, pay, remuneration or loss of future wages, compensatory damages,

punitive, liquidated or exemplary damages, costs, attorney's fees, and pre- or post-judgment

interest, loss of consortium, mental anguish, pain and suffering; as well as any other claims or causes of action Benitez might have against the Released Parties.

7.      Benitez shall each strictly maintain the confidentiality of (i) the terms of this Agreement and any amounts offered or demanded by either party, notwithstanding the fact that the Agreement will be filed with the Court for approval; (ii) all non-public information regarding his employment; and (iii) the allegations and claims that they have made in this case ("Confidential Information").  Benitez shall not disclose any information relating to the amount and fact of this Agreement or other Confidential Information to any individual other than his sister, counsel, spouse, or tax advisor for the purpose of seeking tax advice, and Benitez shall instruct each of them to maintain the confidential nature of such information. Benitez further agrees to instruct his counsel that counsel shall maintain the confidentiality of any non-public information regarding the terms of this Agreement and other Confidential Information.  By executing this Agreement, Benitez warrants that he has not disclosed any terms of this Agreement to any person except as set forth in this paragraph.  The parties agree that, if Benitez is asked about his claims against Kramerbooks and Posner, Benitez may state "the matter has been resolved," or similar words to that effect, and may state nothing further.  This provision is of essence to this Agreement, and any other comment by Benitez without the prior written consent of Kramerbooks and Posner, shall be considered a violation of the confidentiality provision.  Kramerbooks and Posner agree to keep confidential, and will not disclose to any third party, the terms and conditions of this Agreement, including any amounts paid hereunder, unless required by subpoena.  Any claims regarding breach of the confidentiality provisions of this Agreement shall be subject to mandatory, binding arbitration as provided below.

8.      Upon execution of this Agreement, Benitez and his counsel of record shall return information and documents received from Kramerbooks (including all copies) to counsel for Kramerbooks.  In the alternative, documents may be destroyed rather than returned.  These documents must be returned or destroyed within thirty (30) days after final signatures.

9.      Benitez agrees that he will not solicit or encourage, directly or indirectly, any current or former employee of Kramerbooks to file claims similar to those raised in the FLSA Lawsuit.

10.     When under an obligation of law, Benitez is free to respond truthfully to inquiries from a governmental agency, such as the Internal Revenue Service, or a court of competent jurisdiction, regarding the terms of this Agreement but in such response he will advise that the terms of the settlement were agreed to be confidential and will request maintenance of confidentiality by the government agency or court.  This provision includes testimony in a deposition or other legal proceedings, but only if Benitez has been properly subpoenaed.

11.     Benitez agrees that he will not apply for and is not eligible for employment or re-employment with Kramerbooks, and Benitez waives any claim to reinstatement or re-employment with Kramerbooks.  In the event Benitez breaches this agreement and is inadvertently hired, Benitez stipulates that he may be lawfully discharged based upon this Agreement.  In such event, Benitez will be estopped from collecting any damages and Kramerbooks and/or Posner may introduce this stipulation in its defense in any proceeding.

12.     Kramerbooks shall provide to Benitez with ten (10) letters of reference, the agreed-upon content of the reference letters is attached hereto as Exhibit A.  Benitez shall direct all prospective employers to  Posner for any reference information. The reference information

provided by Kramerbooks to prospective employers of Benitez shall be consistent with the contents of the letter of reference.

13.    Benitez acknowledges that he is represented by counsel of his choosing who has actively participated in the negotiations concerning this Agreement. Benitez further acknowledges that he has requested and received from Kramerbooks and Posner any information that he needs in order to make a knowing and voluntary release of all claims. Benitez further acknowledges and agrees that he is represented by an attorney, that his attorney has reviewed this Agreement with him and explained the terms and consequences of this Agreement to him, and has advised him regarding whether or not he should sign it. Benitez further represents and warrants that he has not relied on any representations by any employee or representative of Kramerbooks or Poser in deciding whether or not to sign this Agreement. Benitez further represents and warrants that, knowing and understanding each of the statements in this Agreement, he acts knowingly and voluntarily and has entered into this Agreement of his own free will, with full understanding of its terms, and accepts the benefits described herein in exchange for the terms of this Agreement that inure to the benefit of the Released Parties, without duress, coercion, fraud or undue influence.

14.    Subject to the provisions below, in exchange for the promises, agreements and stipulations above, Kramerbooks and Posner agree to release and discharge Benitez from liability for any and all claims or causes of action Kramerbooks and Posner has or may have arising out of the FLSA Lawsuit. Each party shall bear its own costs and attorneys fees in the FLSA Lawsuit. Kramerbooks and Posner agree to waive all claims it has or may have for attorneys fees and sanctions arising out of the filing and continued prosecution of the FLSA Lawsuit. This release is conditioned on the entry of the Order dismissing the FLSA Lawsuit, the compliance of

Benitez with all other obligations of this Agreement, and on the enforceability of this Agreement. The forgoing provision will be null and void, and Kramerbooks and Posner will be able to pursue such claims against the person who allegedly breached this Agreement without regard to any statute of limitations if: (1) a Court or arbitrator determines that such person has violated any of the provisions of the Agreement; (2) as to Benitez, if Benitez files any claim against Kramerbooks or Posner on any ground based upon actions occurring prior to the date of this Agreement except as expressly excluded above; or (3) in any action or proceeding, Benitez seeks to challenge the enforceability of any provision of this Agreement.

15.     Any claims regarding breach of this Agreement shall be subject to mandatory, binding arbitration.  Such arbitration shall follow the  employment dispute rules and procedures of the American Arbitration Association ("AAA") (unless the parties agree to other procedures) and shall apply the laws of the District of Columbia.  All arbitration proceedings will be confidential and maintained under seal.  The arbitrator shall award the prevailing party its costs and attorneys fees.

16.     An award of any damages for breach of this Agreement will not affect the validity of the covenant not to sue and the releases in this Agreement.

17.     The provisions of this Agreement are severable.  If any provision of this Agreement other than paragraph 5 is adjudged by any court or arbitrator to be void or unenforceable, in whole or in part, such adjudication shall not affect the validity of the covenant not to sue and releases in this Agreement.  If any provision of paragraph 5 is adjudged by any court or arbitrator to be unenforceable, in whole or in part, or if Benitez subsequently makes any claim against the Released Parties arising out of his employment prior to the date he signed this Agreement and challenges the validity of the release, such adjudication and/or claim shall void

all duties and obligations of Kramerbooks and Posner herein, and, if such action is due to Benitez making a claim or requesting court action to void the agreement, Benitez shall promptly refund all payments made hereunder.

18.     Benitez agrees to indemnify and hold harmless the Released Parties of and from any and all attorney liens.  Benitez hereby represents and warrants that he is not aware of any outstanding liens against him, including without limitation, wage liens, workers' compensation liens, and medical liens.  Benitez further represents and warrants that he is not aware of any subrogation rights, or other claims or causes of action that arise out of or in connection with his employment by Kramerbooks, the FLSA Lawsuit, or any other matter relating to Kramerbooks or Posner.

19.     This Agreement constitutes the entire agreement between the parties and supersedes any prior agreements, arrangements or understandings, entered into between Benitez, Kramerbooks and Posner concerning the FLSA Lawsuit.  This Agreement may be modified or amended only by written consent of both parties.  It is understood that Benitez, Kramerbooks, and Posner are entitled to use this Agreement in any form, offensive or defensive, in any proceeding.

20.     The parties agree that this Agreement shall be construed and enforced under, and in accordance with, the laws of the District of Columbia.  The language used in this Agreement shall be deemed to be the language chosen by the parties hereto to express their mutual intent, and no rules of strict construction shall be applied against any party.

21.     Kramerbooks' duly authorized representative for signature acknowledges that he has carefully read and fully understands all of the terms of this Agreement, including the releases contained herein, and that Kramerbooks enters into this Agreement voluntarily.

Executed in the District of Columbia, this ____ day of _____, 2014

By: _____
            Guillermo Benitez

Executed in the District of Columbia, this ²⁹ day of July, 2014

By: _____
            Henry Posner
            President
            Kramerbooks & Afterwords, Inc.

Executed in the District of Columbia, this 13 day of August, 2014

By: _Guillermo O. Benitez_
    Guillermo Benitez

Executed in the District of Columbia, this ____ day of _____, 2014

By: _____
    Henry Posner
    President
    Kramerbooks & Afterwords, Inc.